UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**CHARLES PERKINS,**
and other similarly situated individuals,

    Plaintiff(s),

v.

**LUXOTTICA RETAIL NORTH AMERICA INC.
d/b/a SUNGLASS HUT,** a Foreign Profit Corporation,

    Defendant(s).
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, CHARLES PERKINS ("Named Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendant, LUXOTTICA RETAIL NORTH AMERICA INC. d/b/a SUNGLASS HUT ("Defendant"), and in support aver as follows:

## GENERAL ALLEGATIONS

1. Named Plaintiff has initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

2. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

3. The Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216, and pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. Named Plaintiff is an adult individual who has at all times relevant herein resided in this judicial district.

6. At all times relevant herein, Named Plaintiff worked for Defendant as a Store Manager at a retail location owned and/or operated by Defendant located in Miami, Florida.

7. Defendant, LUXOTTICA RETAIL NORTH AMERICA INC. d/b/a SUNGLASS HUT, operates at least 1,562 retail locations in North America which are substantially similar to the facility at which Named Plaintiff worked. Upon information and belief, there exist at least one Store Manager at each location who may have been subject to the Defendant's unlawful pay practices and policies.

8. At all times relevant herein, Defendant acted by and through it agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §

216(b), on behalf of Store Managers and other similar managerial employees presently and formerly employed by Defendant subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

10. Named Plaintiff and Collective Plaintiffs work and/or worked for Defendant in the United States within the last three years.

11. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed herein.

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. There are numerous similarly situated current and former employees of Defendant whom Defendant misclassified as salaried, exempt managers without paying them proper overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated current and former employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

15. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

16. Named Plaintiff worked for Defendant as a Store Manager from in or about May 2014 through in or about March 29, 2016.

17. Named Plaintiff and Collective Plaintiffs are current and/or former employees of Defendant who within the applicable statute of limitations have been or are presently employed by Defendant as Store Managers and/or similarly situated positions.

18. Throughout their employment with Defendant, Named Plaintiff and Collective Plaintiffs worked in excess of forty (40) hours per week without being paid at the proper overtime rate for hours worked in excess of forty (40) per week.

19. Specifically, Named Plaintiff and Collective Plaintiffs were given the title of Store Manager, paid an annual salary, and classified by Defendant as overtime-exempt employees.

20. Despite their classification, the primary duty of Named Plaintiff and Collective Plaintiffs was not management.

21. Instead, Named Plaintiff and Collective Plaintiffs performed substantially the same duties as non-managerial employees such as making sales, customer service, merchandising, and regular store maintenance.

22. Additionally, due to the small size of Defendant's retail locations, only one or two employees would work at a time.

23. As such, Named Plaintiff and Collective Plaintiffs did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

24. Despite that Defendant's established policies and procedures required Named Plaintiff and Collective Plaintiffs to primarily perform non-exempt work, no provision was made to compensation them at the proper rate for all overtime hours worked.

25. At all times relevant herein, Defendant had or should have had full knowledge of all hours worked by Named Plaintiff and Collective Plaintiffs, including those hours worked in excess of forty (40) in a given work week.

26. Upon information and belief, Defendant has maintained the unlawful wage-payment system described above for the three years prior to commencement of this action, and it has enforced such unlawful wage and hour policies nationwide at all of its retail locations throughout the United States.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

27. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

28. This action is brought by Named Plaintiff, Collective Plaintiffs, and other similarly-situated individuals to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

29. At all times relevant herein, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise has two or more employees regularly handling goods and/or materials that have moved in interstate commerce.

30. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other

corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that the Corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the Individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendants.

31. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

32. Named Plaintiff and Collective Plaintiffs seek to recover for unpaid wages accumulated from their respective date of hire and/or from three (3) years from the commencement of this action and/or their date of individual joinder.

33. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Named Plaintiff and Collective Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek.

34. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing these unpaid wages. As such, Named Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation, with interest;

C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorney fees; and

E. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Named Plaintiff and Collective Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated  5/17/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005